IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>**RAYMOND C. PERKINS and**<br>**CAMELA D. PERKINS,**<br><br>        **Defendants.** | Case No. 20-CV-00660-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

The Plaintiff United States of America filed suit against Defendants Raymond C. Perkins and Camela D. Perkins, seeking to recover several years' worth of unpaid income taxes, penalties, and interest. This matter comes before the Court for consideration of the United States' Motion for Summary Judgment (Doc. 33) and memorandum in support (Doc. 33-1) to which the Perkinses filed separate, but almost identical responses.[1] (Docs. 38, 39.) The United States additionally filed a reply. (Doc. 40.) For the reasons set forth below, the Court grants the motion.

### FACTUAL BACKGROUND

Mr. Perkins filed Internal Revenue Service Forms 1040, U.S. Individual Income Tax Returns, for taxable years 2006, 2008, and 2017, but did not fully pay his federal income tax liabilities for those years. Beginning in 2009, the IRS began

---

[1] Mr. Perkins, an attorney, is representing himself as a *pro se* defendant and the Court granted him the ability file electronically. Mrs. Perkins, as a *pro se* defendant herself, was not granted such leave and any documents submitted by her required an original wet signature. (Doc. 30.)

assessing Mr. Perkins for unpaid federal taxes, penalties, and interest for each of the aforementioned years.[2] (Docs. 33-2, 33-3, 33-6.) Yet, despite countless notices of delinquency and other demands, Mr. Perkins failed to pay his taxes. (*Id.*) He is liable to the United States in the amount of $578,274.00, plus statutory additions, including interest, accruing from and after December 2, 2021, as follows:

| Tax Year | Balance due as of December 2, 2021 |
|---|---|
| 2006 | $253,865.88 |
| 2008 | $165,595.07 |
| 2017 | $158,813.05 |
| **Total** | **$578,274.00** |

. (Doc. 33-8.)

The Perkinses jointly filed IRS Forms 1040 for taxable years 2009, 2011, and 2018, but did not fully pay their federal income tax liabilities for those years. Beginning in 2010, the IRS began assessing the Perkinses jointly for unpaid federal taxes, penalties, and interest for each of the aforementioned years. (Docs. 33-4, 33-5, 33-7.) Yet, despite countless notices of delinquency and other demands, the Perkinses failed to pay their taxes. They are liable to the United States in the amount of $90,143.12, plus statutory additions, including interest, accruing from and after December 2, 2021, as follows:

---

[2] An assessment by the IRS is "essentially a bookkeeping notation" that "is made when the Secretary of the Treasury or his delegate establishes an account against the taxpayer on the tax rolls." *Laing v. United States*, 423 U.S. 161, 171 n. 13, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (citing 26 U.S.C. § 6203). For reference, "Certificate(s) of Assessments, Payments, and Other Specified Matters" are also known by their technical name, IRS Forms 4340.

| Tax Year | Balance due as of December 2, 2021 |
|:---:|:---:|
| 2009 | $59,128.41 |
| 2011 | $18,409.99 |
| 2018 | $12,604.72 |
| **Total** | **$90,143.12** |

. (Doc. 33-8.)

### LEGAL STANDARD

Summary judgment is the moment in a lawsuit where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere conclusory allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 232-24.

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). While the Court must view the evidence and draw all reasonable inferences in favor of the opposing party, "[i]nferences and opinions must be grounded on more than flights of fancy, speculations, hunches, intuitions, or rumors[.]" *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Henning v. O'Leary,* 477 F.3d 492, 496 (7th Cir. 2007).

## ANALYSIS

An IRS tax assessment is presumed correct, and it falls to the taxpayer challenging the assessment to overcome that presumption. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court.") (internal citations omitted). Courts generally do not look at the undergirding of an assessment to

evaluate the procedures and evidence used. *See Ruth v. United States*, 823 F.2d 1091, 1094 (7th Cir. 1987).

The United States has submitted IRS Forms 4340 for each of the tax years at issue. "Certificates of Assessments and Payments establish the fact of assessment and carry with them a presumption of validity" that a court may rely on when ruling on a motion for summary judgment. *Hefti v. IRS*, 8 F.3d 1169, 1172-1173 (7th Cir. 1993). The Certificates of Assessment provided by the United States are prima facie evidence of Mr. Perkins's debt individually and the Perkins's debt jointly to the United States for the assessment amounts.

The Perkinses do not appear to challenge that they were assessed tax liabilities for the relevant taxable years, nor do they appear to challenge the assessment amounts themselves. The Perkins's arguments against summary judgment focus on procedure and are threefold.

First, they argue that the United States did not produce the Forms 4340 during discovery which are now used in its summary judgment motion. Federal Rule of Civil Procedure 26 governs disclosure requirements during discovery and Rule 37 addresses sanctions for failure to disclose, which can include barring the non-disclosing party from using the non-disclosed information to supply evidence on a motion. Despite this, determining whether a Rule 26(a) violation is justified or harmless, and thus not worthy of sanction, is in the broad discretion of the court. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). That determination is guided by the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party

to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). The United States' production mistake was harmless because it produced uncertified tax transcripts for all tax years at issue to the Perkinses during discovery. (Doc. 38-1.)

Second, the Perkinses claim that there is no evidence that the United States properly terminated the installment agreement set in the IRS Forms 4340 for taxable years 2006, 2008, 2009, and 2011. Indeed, while an installment agreement is in effect, the IRS may not commence suit through the Department of Justice. *See* 26 U.S.C. § 6331(k)(2)(C). Even so, through the Forms 4340, the United States has submitted presumptive proof in each of those taxable years that it properly terminated the installment agreements and the Perkinses have not rebutted that presumption. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2004) (holding that there is a presumption of legitimacy for official conduct of the Government and clear evidence is needed to displace it).

Third, Mr. Perkins asserts that the United States' claim regarding the taxable year 2008 is barred by the statute of limitations. This suit was filed on July 7, 2020. (Doc. 1.) Under normal circumstances, the statute of limitations would have run out on July 27, 2019. However, according to his response to United States' first set of requests for admission, Mr. Perkins asked for a Collection Due Process on September 10, 2010. (Doc. 40-1.) This request tolled the statute of limitations until June 24, 2011 when the Collection Due Process was no longer pending. *See* 26 U.S.C. § 6330(e)(1). Add in the two installment agreement termination periods that toll the statute of

limitations for 30 days each, and the statute of limitations was tolled on taxable year 2008 for a total of 347 days, extending the statute of limitations to July 8, 2020. *See* 26 U.S.C. § 6331(k)(2). Thus, the United States filed the Complaint within the statutory period with respect to taxable year 2008.

The allegations in the Complaint regarding unpaid income taxes, penalties, and interest were brought in a procedurally sufficient manner and are adequately supported by the United States' submission of Perkins's forms and by the United States' declaration of debt affidavit. (Docs. 33-2, 33-3, 33-4, 33-5, 33-6, 33-7, 33-8.) Because the Perkinses have come forward with no evidence to rebut the United States' prima facie showing and have offered no legitimate reason why the debt shouldn't apply, the United States has satisfied its burden of establishing the Perkins's tax liabilities for purposes of summary judgment.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff United States of America's Motion for Summary Judgment (Doc. 33).

Judgment is entered in favor of the United States and against the Defendant Raymond C. Perkins, personally, for unpaid federal income taxes and penalties, and the interest thereon, for the tax years ending December 31, 2006; December 31, 2008; and December 31, 2017, in the amount of $578,274.00, plus statutory additions and interest from and after December 2, 2021, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, along with 28 U.S.C. 1961(c), until the judgment is satisfied.

Judgment is entered in favor of the United States and against the Defendants Raymond C. Perkins and Camela D. Perkins, jointly and severally, for unpaid federal

income taxes and penalties, and the interest thereon, for the tax years ending December 31, 2009; December 31, 2011; and December 31, 2018, in the amount of $90,143.12, plus statutory additions and interest from and after December 2, 2021, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, along with 28 U.S.C. 1961(c), until the judgment is satisfied.

The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 3, 2022**

                                      s/ *Stephen P. McGlynn*
                                      **STEPHEN P. McGLYNN**
                                      **U.S. District Judge**